UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                              CRIM CASE NO. 23-20416
                                                              HON. JONATHAN J.C. GREY

PATRICIA JONES,

    Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Patricia Jones pretended to be disabled for nearly ten years—notwithstanding the fact that she maintained gainful employment under a false social security number at the same time—in order to receive Social Security Administration Disability Insurance Benefits to which she would not have otherwise been entitled. Between 2008 and 2018 she fraudulently obtained $150,839.50 in government funds.

On August 22, 2023, Defendant Jones pleaded guilty to one count of felony Theft of Government Funds; she is now scheduled to appear for sentencing at 2:00 p.m. on January 29, 2024. As discussed below, and consistent with the parties'

1

Rule 11 Plea Agreement, the Government respectfully recommends a custodial sentence at or near, but not to exceed, the bottom of the guideline range.

## I. Introduction

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Jones has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the revised Presentence Investigation Report (PSR) dated January 9, 2024.

## II. Calculation of Advisory Sentencing Guidelines

The Probation Department has calculated Defendant Jones's sentencing guideline range to be 15 to 21 months. (PSR ¶ 73.) This matches the Government's estimate; accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.

## III. The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

### (1) Nature and Circumstances of the Offense and History and Characteristics of Defendant

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Jones comes before the Court at the age of 71, with a number of health problems of varying severity. The Government also acknowledges that the defendant has overcome a fair amount of personal adversity in her life. These factors weigh in favor of some leniency and are the basis for the Government's recommendation for a sentence at the *bottom* of the guidelines. However, other factors suggest that a custodial sentence of some length is nevertheless appropriate.

First and foremost is the brazen nature and sheer scope of this fraud. Defendant Jones presented a counterfeit social security number (SSN) card to multiple employers and proceeded to work under a false SSN (which actually belonged to another person) in order to hide her employment income from the government so that she could maintain her eligibility for the Social Security disability benefits that she was receiving under her true SSN. The defendant was only able to execute this scheme because of her *active* concealment of her ability to work: In addition to working under the false SSN, the defendant made affirmative false statements to the SSA about her work activity and earnings on at least three separate occasions, including in sworn testimony at a hearing before an

Administrative Law Judge. Through this conduct, Defendant Jones stole over $150,000 in government benefits to which she was not entitled. Moreover, when faced with the possibility that her fraudulent scheme had been detected, the defendant tried to cover it up by falsely claiming to the SSA that she had been a victim of identity theft.

It's also worth emphasizing that this was not an instance of abhorrent behavior. The defendant is a serial fraudster, having committed a handful of various types of financial fraud over the course of a 25-year period. The instant offense itself involved dozens and dozens of separate payments over a ten-year period. Year after year, month after month, Defendant Jones made the decision to collect disability benefits that she knew she was not entitled to receive. Essentially, she made a series of deliberate and conscious choices to steal from the government on a monthly basis for nearly a decade. Jones knew that what she was doing was wrong, but she continued to do it anyway. This was blatant, intentional Social Security disability fraud and deserves to be punished as such.

Furthermore, while it is true that the defendant will have to make restitution, it is important to remember that restitution is mandatory in the case of <u>all</u> financial offenses. Federal benefits fraud is a real crime that should be met with more than merely a financial consequence, even where the financial consequence may be significant.

4

### (2) Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The government believes that the defendant's crime – using a counterfeit SSN card and lying to the government about one's work activity and income for almost ten years in order to maintain one's eligibility for government benefits – is a serious one that should be met with a serious consequence.

This purpose of sentencing is often minimized in the context of financial crimes. Nonetheless, offenses such as this negatively affect the public's perception of social welfare programs; specifically, these crimes erode confidence in the Social Security Administration and its ability to safeguard taxpayer contributions.

Moreover, it is important to understand that this is not a "victimless" crime. Theft from the government is theft from the taxpayers that fund the government. Taking money from the Social Security Administration in particular is an affront against every hardworking individual who pays into the system in hopes that it will still be there to support them in their retirement or the event of a disability. As the Court is likely aware, the Social Security system is in jeopardy and conduct such as that of the defendant puts the system at even greater risk of insolvency. Now more than ever, program integrity is a topic of significant concern amongst lawmakers,

highlighting the need for those who steal from the government to be held accountable.

Simply having to pay the money back would not be a "just punishment," but rather a concession that this defendant – for all practical purposes – is entitled to demand a long-term, interest-free loan from her fellow citizens, which will likely never be repaid in full.

### (3) Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that Defendant Jones's previously committed fraudulent crimes are remote in time. Nevertheless, it is clear that the diversionary and probationary sentences that the defendant served for those crimes did nothing to deter her from committing the instant offense over the course of a decade. Given that Defendant Jones has never served a custodial sentence and committed the instant offense while on probation, it appears that a custodial sentence may be necessary to deter her from additional criminal conduct and protect the public from future crimes.

Likewise, a custodial sentence in this case would also serve to deter others who seek profit by stealing from the government. Thousands and thousands of

people receive benefits from the SSA and its programs, making the agency an attractive target for fraud and malfeasance. Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a message to other would-be thieves that there are significant consequences for defrauding the Social Security Administration.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

The defendant is an educated woman who holds an associate degree in business administration and is currently employed on a part-time basis. She has not expressed a desire to further her education or employment skills.

As for the defendant's health, the Government agrees with the Probation Department that the defendant's medical conditions can be treated in a custodial facility (*see* PSR ¶ 88), and the Government would support a recommendation for placement at a Federal Medical Center during any term of incarceration. The Government also agrees with the Probation Department's assessment that the defendant may benefit from mental health treatment, and would therefore encourage the Court to adopt the special conditions of supervision suggested by the Probation Department in ¶ 97 of the PSR during any term of supervision.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class C felony and calculation of the sentencing guidelines places her in Zone D of the sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range "shall be satisfied by a sentence of imprisonment." U.S.S.G. § 5C1.1(f). As stated previously, the Government believes that a custodial sentence at or near the bottom of the guideline range is appropriate in this case.

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $150,839.50 to the Social Security Administration. In addition to ordering restitution, the Government would ask the Court to adopt the special conditions suggested by the Probation Department in ¶ 102 of the PSR.

## IV. Conclusion

Having considered the guideline range calculated by the Probation Department, along with the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully recommends a sentence at or near, but not to exceed, the bottom of the guideline range.

Ultimately, the Government asks the Court to impose whatever reasonable sentence it determines to be sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The United States further asks that the Court require the defendant to pay the mandatory $100.00 special assessment to the Clerk of the Court, and order her to pay restitution in the full amount of $150,839.50 to the Social Security Administration.

Respectfully Submitted,

DAWN N. ISON
United States Attorney

*Corinne M. Lambert*
CORINNE M. LAMBERT
Special Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Date: January 22, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

REGINA D. JEMISON
39111 Six Mile Rd.
Livonia, MI 48152
(313) 963-1049
regina@reginadjemison.com

A copy was also provided to Probation Officer Jennifer Danysh via email.

*s/Corinne M. Lambert*
CORINNE M. LAMBERT