U.S. DISTRICT COURT
IN THE EASTERN DISTRICT FOR THE STATE OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

vs.                                                              CASE NO. 2:23CR20416
                                                                 Hon. Jonathan J.C. Grey

PATRICIA JONES
Defendant.

_____

## DEFENDANT SENTENCING MEMORANDUM

**INTRODUCTION**

Patricia G. Jones, is a twice divorced, 71 year old single woman who at this later stage in her life, her primary concern is to limit her suffering under the burden of several illnesses and diseases. She is currently disabled. (**Exhibit A - December 2023 Disability Certification from Dr. Shelby Glazer**) She has worked hard and assisted her family her entire life. She has no addiction history and is in poor physical health. She has earned a college education, Housing and Urban Development Low-Income Housing Tax Credit (HUD/LITCH) Certification, and certifications in Property Management as an Occupancy Specialist. She has never given birth to her own children, but mothered her nieces and nephew in the absence of her sister for many years. Her primary source of income is social security benefits (and a small pension). She currently participates in an Urban League training program that allows her some additional part-time income and increased skill set. However, she will likely be terminated from the program once this conviction is entered. (PSIR, Para. No. 63, Page 15; Para. No. 92, Page 21)

## PROCEDURAL HISTORY

On July 20, 2023, a single-count Information was filed, charging Patricia Jones with Theft of Government Funds, in violation of 18 U.S.C. § 641, beginning in or around June 2008 and continuing through March 2018. On August 22, 2023, the defendant made her arraignment and initial appearance, with counsel, and was released on an unsecured $10,000.00 bond. On the same date, pursuant to the Rule 11 Plea Agreement, the defendant pled guilty to Count One of the Information. The parties agree that restitution owed to the Social Security Administration is $150,839.50. The sentence guidelines are 15 to 21 months.

## LAW AND ARGUMENT

DEMOGRAPHICS DATA & LIFE HISTORY DEMONSTRATE
MS. JONES HAS CORRECTED HER ACTIONS

Ms. Patricia Jones' physical health continues to be a burden. She has been suffering for many decades. She has several ongoing doctor's appointments and is being maintained with several medications and treatments for various diseases. Her health was recently exacerbated in October 2023, when she was hit by a car as a pedestrian. (**Exhibit B - Detroit Police Department Officer and Police Report Number Regarding the Accident; Exhibit C - Ambulance Report from the Accident; Exhibit F - Univ. Of Mich. Appointments and Visits)**

Ms. Jones is currently working as a part-time trainer at the Urban League of Detroit. **(Exhibit L - September 2023 Pay Stub; Exhibit M - Urban League Training Verification Letter).** Although the primary criminal charge is Theft of Government Funds, she has lived a fairly uneventful and productive life. She continues to be active in her church and attempts to maintain some semblance of normalcy notwithstanding the levying of these criminal charges at her age.

Despite a problematic and abusive upbringing, Defendant Patricia Jones led a life of hard work. She continues to be bonded with her siblings. In her childhood, her mother was verbally and physically abusive towards the defendant, but not her siblings. Her mother took out her anger at the Defendant's father, upon Ms. Jones. Her father abused alcohol and would be absent on weekends from drinking alcohol. As a result, her mother beat Ms. Jones and would not allow her to leave the home while her father was out drinking. It was Patricia Jones' experience that her mother — "just hated me." On one occasion, the Defendant attempted to call Children Protective Services and was beaten as a result. On another occasion, her mother's form of discipline and punishment was to make her stand at the front door of their home facing the street, with the door open, with her underwear at her ankles and her dress pulled up to her waist for hours. These, among countless other instances, left an imprint on Ms. Jones' emotional and psychological well-being. These instances also, contributed to her tendencies to be a loner and have a naive approach to relationships that was often to her detriment. Despite the long-term abuse she suffered at the hands of her mother, Ms. Jones adjusted and became a productive citizen. Also, noteworthy is Ms. Jones willingly became her mother's caregiver from approximately 1975 until the early 2000's despite her mother's mistreatment. (PSIR Para. No 47, Page 12).

Consistent with her traumatic upbringing, probation noted that Ms. Jones would definitely benefit  from mental health/trauma counseling, and medical monitoring and services. (PSIR, Para. No. 96, Page 22) It is defense suggestion that any sentencing order includes such provisions.

When Ms. Jones was in her 30's she was "guilted" into raising her nieces and nephew, despite having other siblings to help. At a rough point in her life, she lived with one of her nieces and nephew, and has maintained a positive relationship with them to date. (PSIR, Para.

46, Page 12) Despite choosing not to share this case with her family, she does have their support if she chooses to engage them.

Ms. Jones has very limited financial resources and is carrying financial debt. In the face of this life condition, she still fervently expressed her desire to take care of the debt owed from this crime and to answer for her actions. (PSIR, Para. No. 18, Page 7) As noted by probation, she does not have the ability to pay a fine, costs of incarceration, or costs of supervision due to the substantial restitution amount for which she is accountable. (PSIR, Para No. 71, Page 17)

A PROBATIONARY SENTENCE AND DOWNWARD DEPARTURE IS APPROPRIATE

Defense asserts Patricia Jones' declining health, committed work history, and age, are all cause for downward variance and probationary sentence. United States v. Chase, 560 F.3d 828 (8th Cir. 2009). See United States vs. Big Crow, 898 F.2d 1326, 1331-32 (8th Cir 1990) where the court upheld a downward departure for 23 year old defendant convicted of assault resulting in bodily injury, based upon excellent employment record since age 17 despite an unemployment rate of 72% on an Indian reservation and defendants efforts to lead a decent life. **(Exhibit D - MRI Scan of Brain and Cervical; Exhibit E - Current Spine and Brain Report from Dr. Mirna Neesan; Exhibit G - Univ. Of Mich. Summary of Diagnosis and Test Result; Exhibit H - Univ. Of Mich. Current Medication List)**

In the midst of her adult life, Ms. Jones did have previous contact with the criminal system. Her previous record is non-assaultive offenses and often grew out of naively made poor choices. (PSIR, Para. No. 95, Page 22) She has always adjusted well and complied with

previous court orders. Ms. Jones' satisfactory performance with Pretrial Services while on bond for several months demonstrates her ability to comply with court orders and be a great candidate for probation. (Pretrial Sentencing Memorandum / Services Status Update Memo 1/26/24) She has not allowed her extensive medical complications to interfere with her compliance with pretrial services. (**Exhibit I - Psychiatric Assessment and December 2023; Exhibit J - Univ. Of Mich. Dr. Joseph Kolars Diagnosis Letter; Exhibit K - Univ. Of Mich. Dr. Catherine Knight Diagnosis Letter**)

Although the defense recognizes the elements of the crime make it problematic that Ms. Jones was working and collecting social security, it still cannot be disregarded that she has built a life as a productive citizen.

Probation is an appropriate response to her quick cooperation, repayment of restitution, and the government's need for protection of the public. Probation may be used as an alternative to incarceration, provided the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing —— including promoting respect for law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant.[1]

If we examine, Ms. Jones' performance in complying with pre-trial services, her work ethic, and her commitment to her family; it is predictable that she will perform well in a probationary sentence. Court ordered terms of probation can effectively satisfy the need for any protection of the public.  The court can also impose probation conditions that will satisfy

---

[1] p.8 Determining Your Client's Likelihood of Success under Community Supervision and Improving the Odds for a Non-Prison Sentence citing USSG Ch. 5, Part B, intro. comment.

the court's priorities for deterrence and respect for the law. An order of restitution in excess of $150,000.00 along with any probation conditions, will easily satisfy the need for just punishment of Ms. Jones's criminal behavior.

The restitution repayment and added collateral consequences of this conviction make a probationary sentence appropriate. Concrete and impactful collateral consequences for Ms. Jones include: the crushing debt for excess of $150,000 restitution; ineligibility for innumerable federal government services or benefits; inability to be employed by federal government; prohibition to obtain federally-issued licenses; possible registration or community notification requirements; and most importantly possible termination of her only source of income (social security benefits).[2] All these and many more tangible rights, consequences, civil liberties, and services that are taken for granted everyday — will be extinguished and taken away. We cannot disregard these as punitive consequences that naturally flow from Ms. Jones's conduct and are a consequence of this conviction. These consequences are all permanent since there is no federal expungement statute. They are likewise permanent as it will take the rest of her life to repay the restitution debt owed.

**CONCLUSION**

The Defense respectfully requests this Honorable Court formulate a reasonable probationary sentence commensurate with: The Defendant's role in this offense; her needs and the needs of her family; public safety; and her prompt response in accepting responsibility for her actions. Understanding crime requires consequences, and imploring this

---

[2] http://www.justice.gov/pardon/collateral_consequences.pdf.

court to consider probation and order of restitution as an appropriate and punitive sentence in light of the whole personhood of Ms. Patricia Jones and her physical afflictions. **(Exhibit N - Photographs of Defendant's Hands; Exhibit O - Photographs of Defendant)**. Urgently consider an in custody sentence with her physical and emotional conditions would in effect be a death sentence.

                        Respectfully submitted,

                        /s/ Regina D. Jemison
                        Regina D. Jemison P49854
                        Attorney for Defendant
                        39111 Six Mile Rd
                        Livonia, MI 48152
                        (313) 963-1049
                        regina@reginadjemison.com

Dated: January 27, 2024

U.S. DISTRICT COURT
IN THE EASTERN DISTRICT FOR THE STATE OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

vs.    CASE NO. 2:23CR20416
   Hon. Jonathan J.C. Grey

PATRICIA JONES
Defendant.

_____

### CERTIFICATE OF SERVICE

The undersigned does hereby certify the within pleading was served upon the Clerk of the Court and all parties using the ECF system on January 27, 2024.

Date:  January 27, 2024

Respectfully submitted,

/S/     Regina D. Jemison
Regina D. Jemison P49854
Attorney for Defendant
39111 Six Mile Road
Livonia, MI 48152
(313) 963-1049
regina@reginadjemison.com